IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

PHILLIP NATHAN KERCH, )
)
    Plaintiff, )
)
    v. ) CIVIL ACTION NO. 5:17-CV-108 (MTT)
)
Warden GLENN JOHNSON, *et al.*, )
)
)
    Defendants. )
)

## ORDER

After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle allowed the Plaintiff's retaliation and denial of recreation claims against Defendants Johnson and McClain to proceed. Doc. 10 at 10. The Magistrate Judge recommends that the Plaintiff's access-to-courts claim based on denied access to the law library and access-to-telephones claim be dismissed without prejudice. *Id.* The Magistrate Judge also denied the Plaintiff's motion to appoint counsel (Doc. 3). *Id.* The Plaintiff has objected to the Recommendation. Doc. 16. Actually, the Plaintiff has filed a proposed amended complaint, which he states is his "Response to [the] Order and Recommendation."[1] *Id.* at 1. In the proposed amended complaint, the Plaintiff no longer alleges an access-to-courts claim based on denied

---

[1] This document is labeled in the docket as a "Motion to Amend/Correct Complaint and Objection to Report and Recommendation." Doc. 16.

access to the law library nor does he allege an access-to-telephones claim.[2] *See generally id.* Rather, the Plaintiff, in large part, reasserts his retaliation and denial of recreation claims.[3] *See generally id.*

The Court has reviewed the Recommendation and accepts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Plaintiff's access-to-courts claim based on denied access to the law library and access-to-telephones claim are **DISMISSED without prejudice**. The Plaintiff's retaliation and denial of recreation claims may proceed for further factual development. The Court also **GRANTS** the Plaintiff's motion to amend (Doc. 16). As stated below, the Court has performed its own preliminary screening of the Plaintiff's amended complaint.

## I. PRELIMINARY SCREENING OF THE PLAINTIFF'S AMENDED COMPLAINT

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, when a prisoner seeks redress from a government entity, official, or employee, the court must conduct a preliminary screening. *See* 28 U.S.C. § 1915A(a). Similarly, a court must conduct a screening when a plaintiff proceeds in forma pauperis. 28 U.S.C. § 1915(e). Both statutes apply here. At the screening stage, a court must accept all of the plaintiff's factual allegations as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings are

---

[2] It seems the Plaintiff has voluntarily dismissed these claims. *See, e.g.*, Doc. 8 at 1 ("[T]he access to the Law-Library has got[ten] better. . . .").

[3] The Plaintiff also seeks monetary damages as well as "declaratory and injunctive relief." Doc. 16 at 7. As stated below, the Plaintiff's claims for retaliation and denial of recreation against the Defendants will go forward. Accordingly, his remedial request related to those claims will proceed for further factual development.

"held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (quotation marks omitted).  But a pro se complaint must still be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks omitted).  Courts may dismiss claims based on "indisputably meritless legal" theories and "whose factual contentions are clearly baseless." *Id.* (quotation marks omitted).  A complaint fails to state a claim if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must state sufficient factual allegation "to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).  Thus, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Moreover, the Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 and thus must allege that (1) he was deprived a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) that the act or omission was committed by someone acting under color of state law.  *Hale v. Tallapoosa Cty.*, 50

F.3d 1579, 1582 (11th Cir. 1995).  A complaint alleging claims under § 1983 is subject to dismissal if it fails to satisfy these requirements or fails to provide factual allegations in support of the claims stated therein.

### A. Plaintiff's Claims

In his amended complaint, the Plaintiff ostensibly raises a new claim, alleging that Defendant Johnson "tried to hinder [his] grievance process by having [his] grievance filed on 4-20-17 and 3-7-17 thrown away."  Doc. 16 at 7.  He states that this "illegal action [] caused injury to his [F]ourteenth Amendment Rights."  *Id.*  To the extent the Plaintiff is asserting a due process claim for Defendant Johnson allegedly interfering with his grievance, he has failed to state a claim because a prisoner has no constitutionally-protected liberty interest in accessing a prison's grievance procedure.  *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011); *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim.").  Accordingly, the Plaintiff's due process claim regarding the alleged interference with his grievance is **DISMISSED without prejudice**.[4]

---

[4] To the extent the Plaintiff is asserting a First Amendment access-to-courts claim against Defendant Johnson based on the alleged interference with his grievance, this claim also fails.  In order to bring an access-to-courts claim, the Plaintiff must first establish an actual injury.  *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006).  "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action."  *Id.* (citations omitted).  Here, the Plaintiff contends that "he tried to follow [the grievance] procedure" to exhaust his administrative remedies but had to refile his grievance on June 19, 2017 after realizing that his March 7, 2017 grievance "was thrown away."  Doc. 16 at 5.  While Defendant Johnson's alleged action may have impeded access to the grievance procedure and prevented the Plaintiff from exhausting his administrative remedies, the Plaintiff still could have filed his complaint in federal court.  And that is precisely what he did.  Thus, because the alleged interference with the grievance procedure did not prevent the Plaintiff from bringing suit in court, he has suffered no

## II. CONCLUSION

For the foregoing reasons, the Plaintiff's motion to amend (Doc. 16) is **GRANTED** and the Recommendation (Doc. 10) is **ADOPTED**. Accordingly, the Plaintiff's retaliation and denial of recreation claims against Defendants Johnson and McClain may proceed for further factual development. The following claims are **DISMISSED without prejudice**: (1) access-to-courts claim based on denied access to the law library; (2) access-to-courts claim based on alleged interference with the grievance procedure; (3) due process claim based on alleged interference with the grievance procedure; and (4) access-to-telephones claim.

**SO ORDERED,** this 13th day of February, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

actual injury. Accordingly, the Plaintiff's access-to-courts claim regarding the denial of his grievance is **DISMISSED without prejudice**.